**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 16-6408-JFW (FFMx)** | Date: September 26, 2016 |
| Title: | Athena Avalos -v- KinderCare Education LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION

On May 6, 2016, Plaintiff Athena Avalos ("Plaintiff") filed a Complaint against Defendant KinderCare Education LLC f/k/a Knowledge Universe Education LLC ("Defendant") in Los Angeles County Superior Court. On August 25, 2016, Defendant filed a Notice of Removal of Action Under 28 U.S.C. Section 1441(b) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of

every state of which its owners/members are citizens."). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Although Defendant, a limited liability company, attempts to allege the citizenship of its members, it has failed, for example, to allege the principal place of business of KUEHG Corp. Notice of Removal at ¶ 6. There also appear to be other errors. For example, Defendant identifies KinderCare Education Holdings *LLC* as a Delaware corporation and fails to explain Knowledge Universe Education Holdings Inc.'s relationship to Defendant or its members.

   Accordingly, Defendant is hereby ordered to show cause, in writing, no later than **September 30, 2016**, why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Defendant files an Amended Notice of Removal which corrects the jurisdictional defects noted above on or before **September 30, 2016**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the remand of this action for lack of subject matter jurisdiction.

   IT IS SO ORDERED.